Tristam O. Hage, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Donald J. Paquette, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

**Jacob George HAEGELE, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–83–1822.

Court of Appeals of Minnesota.

Aug. 28, 1984.

## OPINION

NIERENGARTEN, Judge.

Jacob Haegele appeals from an order of the municipal court sustaining revocation of Haegele's driver's license under the implied consent law, alleging the administration of a breathalyzer test did not conform to the procedure necessary to insure reliability of a test indicating an alcohol concentration of .16. We reverse.

## FACTS

Haegele was arrested on a DWI charge. His breath test was taken by a certified breathalyzer operator and recorded an alcohol concentration of .16. The operator acknowledged that he was required to follow a 21 point checklist established by the Bureau of Criminal Apprehension to (1) insure the machine was in proper working order; and (2) to insure the test result was reliable. Step 3 required a test ampoule to be regauged to check the solution level after it was opened. The operator admitted he did not perform step 3 and, therefore, did not

know the solution level of the ampoule after he opened it.

A supervisor of the breath testing section of the Bureau of Criminal Apprehension Laboratory, who designed the 21 point check list, testified the first 19 steps were necessary to assure a proper and accurate operation of the breathalyzer. He also testified he could not "ensure a proper test in the breathalyzer unit if the test ampoule does not meet the minimum standards." The testing officer had used a breathalyzer ampoule which did not meet the minimum standards established by the Bureau of Criminal Apprehension.

## ISSUE

Was the evidence sufficient to show the breathalyzer tests were valid and reliable?

## ANALYSIS

The scope of an implied consent hearing is limited to the issues of: "(3) * * * whether the testing method used was valid and reliable * * *." Minn.Stat. § 169.123, subd. 6(3) (1982).

■ The State, as the proponent of the breathalyzer test, "must establish that the test is reliable and that its administration in the particular instance conformed to the procedure necessary to ensure reliability." *State v. Dille*, 258 N.W.2d 565, 567 (Minn. 1977). The State's expert testified that, despite the use of the particular prohibited ampoule and despite the failure of the testing officer to regauge the test ampoule, the accuracy of the test ampoule was about the same as in certified ampoules. He also testified that the simulator results apparently showed enough solution in the ampoule for adequate testing. This testimony conflicted with his testimony that the breathalyzer ampoule used by the testing officer did not meet the minimum standards established by the Bureau of Criminal Apprehension. The conflict was sufficient to make the testing method unreliable. The findings of the trial court, therefore, cannot be sustained.

## DECISION

■ Failure to follow all requirements of a breathalyzer checklist and the use of an ampoule that did not meet the minimum standards established by the Bureau of Criminal Apprehension made the breathalyzer test result unreliable. Because of this disposition of the appeal, it is unnecessary to rule or to comment upon allegations of prejudicial misconduct by the trial court.

Reversed.